GREENVILLE v. MASON & A.

Where a town is divided by the legislature, part of its territory and inhabitants being created a new town, none of the property, real or personal, of the original town belongs to the new corporation, except as expressly provided in the act of separation.

In 1856, the town of M. received from John Boynton the sum of $10,000 as a fund for the support of its public schools, on the express condition that, unless the income thereof should be forever divided and applied according to the number of scholars between the ages of five and fifteen in the several schools or districts in town, the fund should be repaid to the donor, his executors, administrators, or assigns.   In 1872 the town of G. was created by act of the legislature out of part of the territory and inhabitants of M., and it was provided that all property, real and personal, and all school and other funds belonging to the original town of M., should be divided in the proportion of seven to M. to thirteen to G.   *Held*, that the legislature had no power to direct a division or distribution of the fund different from that ordered by the donor; and that, therefore, no legal provision for the division of the fund in controversy being made, the rights of the town of M. therein were unaffected by the act, and the new town of G. was not entitled to any portion of the fund or income.

This is a bill in equity, brought by the town of Greenville against the town of Mason and five individuals described as "Trustees of the Boynton school fund in said town of Mason," and alleges that, in the year 1856, said town of Mason received of John Boynton, of Templeton, Massachusetts, the sum of ten thousand dollars in money, or securities for the payment of money, upon the following conditions, viz., That the same should be forever kept upon interest, and should forever be known as the Boynton common school fund, and that the interest or income thereof should annually forever be applied, by said town of Mason, to the support of district or public schools in said town, in proportion to the number of scholars in such districts or schools between the ages of five and fifteen years; and whenever said town should fail so to apply the interest or income of said money annually in addition to the sum that shall be required to be raised by law by said town, for

the support of district or public schools, the said town should repay the same sum of ten thousand dollars to the said John Boynton, his executors, administrators, or assigns; and on the twenty-sixth day of June, A. D. 1857, the legislature of the state of New Hampshire passed an act authorizing the said town of Mason to elect five trustees of the Boynton common school fund, and giving to said trustees the entire control and management of said fund, and requiring them to invest the same in a safe and prudent manner, and to pay annually to the treasurer of said town of Mason, in the month of January, the income of said fund, and to make a report of the state of the fund and the income of the same at each annual meeting of said town; that said Amos Scripture, Charles Scripture, Joseph B. Wilson, and Jonathan Russell, are, at the time of filing this bill, the trustees of said fund; that in June, A. D. 1872, the legislature of the state of New Hampshire passed an act constituting the town of Greenville from a part of the territory of the town of Mason, and dividing all real and personal property, including all debts, claims, and demands of every kind then owned by and due to the said town of Mason, all school and other funds belonging to said town, and the proportion of the literary fund, which until a new apportionment of state taxes shall be payable to said towns, between said towns in the proportion of six dollars and fifty cents to said town of Greenville, and three dollars and fifty cents to said town of Mason; that said town of Greenville is by law entitled to receive such a proportion of the income of said Boynton common school fund as the number of scholars between the ages of five and fifteen years in said town of Greenville bears to the whole number of scholars between the ages of five and fifteen years in both said towns; that the number of scholars between the ages of five and fifteen years in said Greenville is three hundred, and the number of scholars between the ages of five and fifteen years in said Mason is one hundred; that the plaintiff, on the first day of October, A. D. 1872, at said Mason, requested the defendants to pay to the said town of Greenville the amount to which the said town of Greenville is entitled as aforesaid; that the said defendants then and there refused to pay the same, and then and there denied and still deny the right of said town of Greenville to receive any part of the income of said fund, and that the schools and scholars in said town of Greenville are entitled to any benefit therefrom, and have claimed and do now claim that the income of said fund is to be applied solely for the benefit of schools and scholars in said town of Mason.

Wherefore the plaintiff prays that it may be ordered and decreed that the said trustees shall pay to the proper authorities of the town of Greenville such a proportion of the income of said Boynton common school fund as the number of scholars in said town of Greenville between the ages of five and fifteen years bears to the whole number of scholars between the ages of five and fifteen years in both said towns of Mason and Greenville, and for such other relief as may be just.

All the material allegations of the bill were admitted by the answer;

and the questions transferred are, whether, upon the facts shown, the town of Greenville is entitled to receive any portion of the principal of said school fund, or of the interest or income thereof, and if so, how much of both or either.

*Wadleigh & Wallace*, for the plaintiff.

*G. Y. Sawyer & Sawyer, Junior*, for the defendants.

LADD, J.  The latter portion of section 2 of the act of 1872, constituting the town of Greenville from a part of the territory of the town of Mason, which is not recited in the bill, provides that " if said towns cannot agree upon the division of any such property, the county commissioners for the county of Hillsborough, for the time being, upon the request of either town, may make division of the same, or assign the same or any part thereof to either of said towns, and may order the town to which such property may be assigned to pay over such sums of money to the other town as in their opinion is equitable, according to the foregoing proportion, and may fix the time of payment."

This makes it sufficiently plain, we think, that, so far as regards the division of property owned by the town of Mason at the time the new town of Greenville was constituted, this court has no jurisdiction, exclusive jurisdiction in that matter being expressly conferred by the act upon the county commissioners.

Does the bill present any question which we may finally decide? Undoubtedly, if it had been brought by the trustees of the fund asking the direction of the court as to its disposition, we might give construction to the conditions upon which it was received, and ascertain whether, if it were divided according to the provisions of the act, those conditions would be broken so as to revest the property in the donor or his representatives.  The bill is brought by the new town against the old town and the trustees of the fund, to compel a division.  Whether a division can lawfully be made under the act is certainly a question for the court, and that question is as clearly raised as though it were for the court instead of the county commissioners to make the final order of division in case it should be held that such a division can lawfully be made.  We, therefore, have no doubt but the construction of the trust is before us on this bill, and have accordingly considered the questions arising thereon.

The act provides for the division of all property belonging to the original town of Mason in a certain definite proportion, that is, in the proportion of seven to Mason to thirteen to Greenville.  Treating this fund as property belonging to Mason within the meaning of the act, the first question is, whether it could be so divided without a forfeiture, according to the condition on which it was received ; and we think it could not.  The condition was, that the interest or income should annually forever be applied by said town of Mason to the support of

district or public schools in said town in proportion to the number of scholars in such districts or schools between the ages of five and fifteen years. The act provides. and requires an entirely different basis of division, having no relation whatever to the number of scholars. To divide the income, or the fund itself, in the fixed proportion of seven to thirteen, would be, we think, a manifest departure from the intention of the donor, and a plain breach of the condition resulting in a forfeiture of the fund itself.

The next question is, Has the legislature constitutional power to do this?—and this question, we think, must be answered in the negative. It not only defeats the intention of the donor by restoring to him, or his representatives, against his will, what he had devoted to education in a particular way, but, so far as the object of his bounty is concerned, it has the practical effect of working an utter annihilation of the fund itself. Such a result certainly was not intended by the legislature, and cannot be desired by the plaintiff town.

It might, perhaps, be held, without any great stretch, that this fund does not come within the terms of the act; but whether that be so or not, we are satisfied the act cannot be given the effect of making a disposition of the fund, or the income arising from it, so plainly at variance with the condition upon which it was received, thus working a forfeiture, because of the natural right of possessing and protecting property guaranteed to all persons by the second article of our own bill of rights, and also because of the provision in the federal constitution which forbids state legislatures from passing laws which impair the obligation of contracts.

It follows that as to this fund no provision is made for dividing it between the two towns.

But it is said by the plaintiff, in argument, that it is a fundamental principle of the law of charitable uses and trusts that the intention of the donor shall be carried out if possible; that it is evident the donor here meant to bestow his bounty upon all the schools within the territory of the town of Mason as constituted in 1856, and therefore, it is argued, the court has power to decree to the schools of Greenville their equitable proportion of the fund, whatever that may be; but this argument loses sight of the principle established in this state as well as in other jurisdictions, that, when a town is divided, either by creating a new corporation or by separating and annexing part of its territory and inhabitants to another town, it still retains all its property, real and personal, the title thereto being unaffected by the change, unless a different provision is made in the act authorizing the separation. *Union Baptist Society* v. *Candia*, 2 N. H. 20, and cases cited; *South Hampton* v. *Fowler*, 52 N. H. 225, and cases cited. The provisions of this act, with respect to the division of the fund in controversy, being in our judgment invalid, provided the fund comes within the terms of .the act, it is the same as though there were no provision on the subject at all. The equitable interest in the fund and the right to

the income remain, therefore, where they were in the first place, in the town of Mason, and the trustees were right in paying over the income to the treasurer of Mason, according to the act of 1857 under which they were elected.      *Bill dismissed.*